IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JANET R. ROBINSON,

      Plaintiff,

v.                                           Case No.:  3:12-cv-00981

QUICKEN LOANS,  INC.,
WELLS FARGO BANK, N.A., and
JOHN DOE HOLDER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion to Compel Defendant Quicken Loans, Inc. to Produce Complete Responses to Plaintiff's Combined Discovery Requests (ECF No. 84), Plaintiff's Motion to Compel Defendant Quicken Loans, Inc. to Produce a Witness for Deposition on Loan Transfer & Ownership (ECF No. 87), and Defendant Quicken Loans, Inc.'s Motion for Leave to File a Sur-Reply Memorandum in Opposition to Plaintiff's Motion to Compel Complete Responses to Plaintiff's Combined Discovery Requests (ECF No. 102). The Court **GRANTS** Defendant's Motion for Leave to File a Sur-Reply and notes that the matters have now been fully briefed by the parties.

This civil action arises from Plaintiff's claim that she was the victim of a predatory lending scheme carried out by the Defendants in November 2003. According to Plaintiff, she was induced by Defendant Quicken Loans, Inc. to refinance her home mortgage for an amount far in excess of the home's value and pursuant to misleading and unconscionable terms that were significantly detrimental to Plaintiff's financial interests.

On the 11th day of February, 2013, the Court held a hearing on the pending Motions to Compel. After considering the arguments of counsel, the Court **GRANTS** Plaintiff's Motions (ECF Nos. 84, 87) as outlined herein and **ORDERS** as follows:

1. Plaintiff moves to compel Defendant Quicken Loans, Inc. to provide the complete personnel file of the originating loan officer. Plaintiff argues that information contained in the file, such as disciplinary records and corporate directives, may lead to admissible evidence regarding Plaintiff's allegations of fraud, deception, and misrepresentation. In response, Defendant contends that documents in the personnel file that post-date the loan origination date are irrelevant and improperly invade its employee's privacy. Defendant has previously produced the portion of the file that was created on or before the loan origination date.

Keeping in mind the broad definition of relevancy in the context of discovery, *see United States v. Proctor & Gamble,* 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); *Carr v. Double T Diner,* 272 F.R.D. 431, 433 (D.Md. 2010), the Court finds that some documents contained in the loan officer's personnel file are relevant regardless of their date of creation. Nonetheless, other documents are clearly irrelevant and their production would result in an unnecessary intrusion into the privacy of the employee. Accordingly, within **fourteen (14) days** of the date of this Order, Defendant Quicken Loans, Inc. shall produce the remainder of the originating loan officer's personnel file, with the exception that Defendant may remove from the file and withhold from production any medical records, personal tax records, records of emergency contacts, or records pertaining to family members of the employee. To the extent that other documents (or portions of documents) are contained in the file which Defendant believes to be privileged or protected from disclosure, Defendant shall submit with the

production of the remaining documents a privilege log describing the documents (or portions of documents) withheld and the basis for the non-disclosure.

2. Plaintiff requests copies of Defendant Quicken Loans, Inc.'s income tax returns, including all schedules, for the past ten years; detailed net worth and income statements; and SEC filings for the last six years. The parties agree that the request is premature; accordingly, Defendant shall not be required to produce documents regarding its financial worth until the date of the pre-trial conference in this action. At that time, Defendant shall produce copies of its last two state and federal income tax returns, including all schedules, as well as detailed statements of net worth and income statements for the three years up to and including the date of the pre-trial conference. If prior to the pre-trial conference, the Court dismisses Plaintiff's claim for punitive damages against this Defendant, Defendant shall not be required to produce the above-described financial information. *See George Golf Design v. Greenbrier Hotel, Inc.,* 2012 WL 5285410 (S.D.W.Va. 2012).

3. Plaintiff moves to compel a complete response to Interrogatory No. 14, which seeks the names, addresses, and phone numbers of West Virginia borrowers who obtained a loan originated by Defendant Quicken Loans, Inc. during the year 2003 and whose property appraisal or valuation was determined by using the same appraiser or valuation system used for the origination of Plaintiff's loan. Defendant argues that this request is overly burdensome and supplies the Court with an affidavit indicating that the costs associated with collecting the requested information will exceed $13,000. Considering the narrow parameters of the interrogatory and the relevance of the information requested, *see Marks v. Global Mortgage Group, Inc.,* 218 F.R.D. 492, 497 (S.D.W.Va. 2003), the Court finds that the request is not overly burdensome. Plaintiff

agrees to withdraw her motion to compel a response to Interrogatory 15; accordingly, the remaining request seeks information that should be relatively easy to locate within Defendant's 2003 loan files. Accordingly, Defendant shall have **twenty one (21) days** from the date of this Order to provide a full and complete response to Interrogatory No. 14 as it relates to West Virginia borrowers.

4. Plaintiff moves for the production of a Rule 30(b)(6) witness to testify regarding the ownership and transfer of her loan. Plaintiff also seeks reimbursement of future costs incurred, if any, in obtaining the deposition. Defendant responds that Plaintiff failed to state with particularity the deposition topics; therefore, Defendant was justified in failing to produce a corporate representative to testify regarding loan ownership and transfer. The Court has carefully reviewed the Notices of Deposition filed by Plaintiff and Defendant's objections to the notices and it is clear that: (1) Plaintiff identified these topics as early as October 8, 2012; (2) Defendant lodged no objection to the topics until January 3, 2013, a mere three business days before the Rule 30(b)(6) depositions were scheduled to take place in Detroit, Michigan; (3) in contrast, Defendant raised concerns with all of the other listed deposition topics months earlier, thus allowing Plaintiff adequate time to clarify her notice regarding the other topics; (4) Defendant conceded that it had some understanding about what areas of inquiry would be included under these two topics; yet, when Defendant identified its corporate representatives on January 3, 2013, it made no effort to identify any representative who was knowledgeable about the ownership and transfer of Plaintiff's loan; and (5) Defendant failed to file a motion for protective order seeking the Court's guidance; instead, Defendant unilaterally decided that it did not need to make a good faith effort to address these topics at the scheduled depositions.

...

In view of the foregoing, the Court **ORDERS** Defendant to identify, **on or before February 22, 2013,** a corporate representative who can appear for deposition and testify regarding the ownership and transfer of Plaintiff's loan. Also, **on or before February 22, 2013**, Defendant shall supply Plaintiff with two or three alternative dates and times on which the deposition may take place. The deposition shall be completed as promptly as possible **prior to March 16, 2013**. If Plaintiff's counsel is required to travel for this deposition, she shall submit her expenses to the Court for further consideration of her motion for reimbursement.

5. Plaintiff also requests an extension of deadlines in the Scheduling Order. Given that the District Court has just entered an Order extending the deadlines, the undersigned is hesitant to recommend additional extensions at this time. The parties are urged to meet and agree on a schedule for the exchange of supplemental expert disclosures necessitated by the delay in obtaining the discovery ordered herein. The parties are admonished that an agreement should be memorialized in a stipulation pursuant to L.R.Civ.P 16.1(f). Good cause requests to modify other deadlines contained in the Scheduling Order should be submitted in motion form to the presiding District Judge as soon as it becomes evident that an agreement cannot be reached and an extension is justified. *See* L.R.Civ. P. 16.1(f)(1).

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** February 11, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge