**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JANET R. ROBINSON,**

      **Plaintiff,**

**v.**                                 **Case No.:  3:12-cv-00981**

**QUICKEN LOANS,  INC.,
WELLS FARGO BANK, N.A., and
JOHN DOE HOLDER,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Plaintiff's request for reimbursement of travel expenses incurred in the taking of a second deposition of Defendant Quicken Loans pursuant to Federal Rule of Civil Procedure 30(b)(6). (ECF No. 134). Defendant has filed an objection to the request, arguing that Plaintiff is not entitled to reimbursement because her counsel was not required to travel in order to attend the deposition. (ECF No. 140). For the reasons that follow, the Court **GRANTS** Plaintiff's request for reimbursement and **ORDERS** defendant Quicken Loans, Inc., or its counsel, to reimburse Plaintiff the **sum of $1037.96** within **fourteen (14) days** of the date of this Order.

**I.**     **Relevant Background**

      This civil action involves claims by Plaintiff that the Defendant, Quicken Loans, Inc. ("Quicken"), fraudulently induced her to procure an adjustable, high-interest home equity loan that was based upon an intentionally inflated property valuation.

According to Plaintiff, the loan was originated by Quicken for purchase by Defendant Wells Fargo Bank, N.A., who obtained and began servicing the loan shortly after its origination. (ECF No. 87 at 1).

On September 28, 2012, Plaintiff's counsel corresponded with Quicken's counsel by electronic mail, requesting dates for the deposition of a Rule 30(b)(6) witness. (ECF No. 87-1 at 1). In the e-mail, Plaintiff's counsel outlined six topics of inquiry, including "the ownership of the loan" and "any agreements related to loan transfers." *Id.* On October 1, 2012, Quicken's counsel replied to the e-mail, indicating that the deposition would have to occur in Detroit and raising questions about four of the six topics of inquiry. The only two topics about which Quicken's counsel raised no questions were "the ownership of the loan" and "any agreements related to loan transfers." *Id.* at 2.

After waiting another week to receive dates for the deposition, Plaintiff's counsel noticed it to take place on November 2, 2012. (ECF No. 47). The notice set forth the topics to be addressed at the deposition, which were the six topics contained in the e-mail sent by Plaintiff's counsel and one additional topic pertaining to Plaintiff's attempts to refinance her loan. (*Id*). One week later, on October 15, 2012, before purchasing an airline ticket, Plaintiff's counsel contacted Quicken's counsel to ensure that a corporate representative would be available for the deposition as scheduled. At that time, Quicken's counsel advised Plaintiff's counsel that no one could be available on November 2, 2012 and agreed to provide alternative dates "in the next couple of days." (ECF No. 87-1 at 4). After waiting another month to receive the alternative dates, Plaintiff filed a motion to compel Quicken to produce a Rule 30(b)(6) witness.

On November 28, 2012, Quicken's counsel finally provided the date of January

8, 2013 for the Rule 30(b)(6) deposition. (*Id.* at 7). Accordingly, on November 30, 2012, Plaintiff withdrew her motion to compel and filed an amended notice of deposition, which contained the same seven topics set forth in the October notice of deposition. (ECF No. 68). Quicken raised no further questions or objections to the topics outlined in the notice of deposition, nor did it file a Motion for Protective Order.

On January 2, 2013, Plaintiff filed a revised notice of Rule 30(b)(6) deposition. (ECF No. 77). The only change made in the notice was to the starting time of the deposition. The topics to be addressed by the witness still included the topics of "the ownership of the loan" and "any agreements related to loan transfers," the very same topics initially raised in September, noticed in October, and re-noticed in November. (*Id.*).

On January 3, 2013, a mere three business days before the deposition was scheduled to occur, Quicken filed objections to the notice of deposition. For the first time, Quicken indicated that the topics of "the ownership of the loan" and "any agreements related to loan transfers" were "undefined;" therefore, they failed to meet the reasonable particularity requirement of Rule 30(b)(6). (ECF No. 79). Quicken did not file a Motion for Protective Order. Instead, it proceeded to identify two corporate representatives that would be prepared to testify regarding some of the subject matter outlined in the notice. Quicken proceeded to unilaterally modify the deposition topics, placing its own limitations and parameters on several topics and simply eliminating the topics of "the ownership of the loan" and "any agreements related to loan transfers." (*Id.*).

In an effort to resolve the objections and make the depositions worthwhile, Plaintiff's counsel advised Quicken by e-mail as follows: "As you know, the issue

regarding loan transfer and ownership relate to the agreements by which the loan was sold to Wells Fargo, Quicken's compensation for that said [*sic*], and the guidelines underlying the sale." (ECF No. 99-1 at 2). In response, Quicken's counsel curiously described this communication as "adding deposition topics" and made no effort to identify a representative to speak to the issues. (*Id.* at 1).

On January 13, 2013, after completing the depositions, Plaintiff filed a motion to compel Quicken Loans to produce a Rule 30(b)(6) witness to testify regarding the ownership and transfer of Plaintiff's home equity loan. (ECF No. 87). Plaintiff argued that she had already traveled to Detroit, Michigan to take a Rule 30(b)(6) deposition, but found that the witness was not prepared to testify regarding the properly noticed topics of loan ownership and transfer. Plaintiff sought an order requiring Quicken to produce a knowledgeable witness and requested reimbursement of fees and costs to be incurred in completing a second deposition. Quicken opposed the motion to compel, contending that Plaintiff had failed to meet her burden to describe with reasonable particularity the topics she intended to cover at the deposition. According to Quicken, it had "made it clear that its witnesses were not prepared for those topics, but Plaintiff's counsel chose to go ahead with the deposition anyway." (ECF No. 99 at 1).

On February 11, 2013, the undersigned heard argument on the motion and determined that Plaintiff was entitled to a second deposition. An order was entered compelling the deposition and holding the issue of reimbursement in abeyance. (ECF No. 106). At the hearing, the Court suggested that the parties discuss alternatives to returning to Detroit for the deposition to avoid incurring additional travel expenses. Apparently, the parties attempted to make alternative arrangements but could not reach an agreement. As a result, four lawyers and a paralegal representing Quicken

appeared in Detroit for the deposition,[1] as did a lawyer for Defendant Wells Fargo Bank, N.A. and Plaintiff's counsel. Plaintiff's counsel incurred $1037.96 in travel expenses.

## II.   <u>Analysis</u>

Federal Rule of Civil Procedure 30(b)(6) authorizes a party to take the deposition of a corporation by naming it as the deponent in a notice of deposition and by describing with reasonable particularity the matters for examination. Upon receipt of the notice, the corporation must designate one or more individuals as its representative and must indicate the subject matter about which each representative will testify. Federal law is well-settled that service of a Rule 30(b)(6) deposition notice triggers a duty on the part of the corporation to prepare the designated witness or witnesses "so that they may give knowledgeable and binding answers for the corporation." *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996); *see also Anderson v. Discovery Communications, LLC*, 814 F.Supp.2d 562, 568 (D.Md. 2011). The Rule 30(b)(6) witness speaks for the entity. As such, the witness is not presented to provide his personal knowledge and opinions, but, instead, must be prepared to testify to the corporation's knowledge, its position on the depositions topics, its "subjective beliefs and opinions," and its "interpretation of documents and events." *Taylor,* 166 F.R.D. at 361.

Producing an unprepared Rule 30(b)(6) witness is tantamount to a failure to appear under Federal Rule of Civil Procedure 37(d)(1)(A)(i). *Taylor,* 166 F.R.D. at 363, *citing Resolution Trust Corp. v. Southern Union,* 985 F.2d 196, 197 (5th Cir. 1993)

---

[1] Two lawyers from the law firm of Jones Day, based in Cleveland, Ohio, one lawyer from the law firm of Goodwin & Goodwin, based in Charleston, West Virginia, and one in-house lawyer were present on behalf of Quicken.

(The appearance of an unprepared witness is "for all practical purposes, no appearance at all."). Rule 37(d) sanctions are mandatory for a "failure to appear by means of wholly failing to educate a Rule 30(b)(6) witness, unless the conduct was substantially justified." *Int'l Ass'n of Machinists and Aerospace Workers v. Werner–Masuda,* 390 F.Supp.2d 479, 489 (D.Md. 2005) (quoting *In re Vitamins Antitrust Litigation*, 216 F.R.D. 168, 174 (D.D.C. 2003)).

When a corporation objects to a notice of Rule 30(b)(6) deposition, the proper procedure is to file a motion for protective order. *New England Carpenters Health Benefits Fund v. First Databank, Inc.,* 242 F.R.D. 164, 165-66 (D. Mass. 2007). As the Court in *New England Carpenters* points out, "there is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued ... Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order." *Id.* Unless a motion for protective order is pending, "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable." *Fed. R. Civ. P.* 37(d)(2). Consequently, once a Rule 30(b)(6) deposition notice is served, the corporation bears the burden of demonstrating *to the court* that the notice is objectionable or insufficient. Otherwise, the corporation must produce an appropriate representative prepared to address the subject matter described in the notice. *Bregman v. Dist. of Columbia*, 182 F.R.D. 352, 355 (D.D.C. 1998); *see also United Consumers Club, Inc. v. Prime Time Marketing Management Inc.*, 271 F.R.D. 487, 497-98 (N.D.Ind. 2010). The corporation cannot simply "decide on its own to ignore the notice," *New England Carpenters,* 242 F.R.D. at 166, or "file objections and

then state that it will only produce general answers to the topics in accordance with its objections unless given more specific direction by the party seeking the deposition." *Espy v. Minformation Technologies, Inc.,* 2010 WL 1488555, at \*3 (D. Kan. Apr. 13, 2010); *see also Knowledge A-Z, Inc. v. Jim Walter Resources, Inc.,* 2008 WL 2600167, at \*2 (S.D. Ind. June 25, 2008) (Rule 37(d)(1)(A)(i) does not allow the filing of objections to avoid sanctions. Instead, a motion for protective order is required).

Here, Quicken was served with a Rule 30(b)(6) deposition notice in October 2012 that contained seven topics to be addressed by the corporate representative. Quicken made no formal objections to the notice and made no effort to designate a corporate representative. Only at the persistence of Plaintiff's counsel did Quicken finally offer up corporate witnesses in January 2013. Just days before the depositions were to take place, Quicken finally designated the representatives. However, Quicken concurrently filed written objections to the notice of deposition, claiming *inter alia* that the topics of "the ownership of the loan" and "any agreements related to loan transfers," which had been identified three months earlier and never challenged, were improperly "undefined." Therefore, Quicken would have no witnesses prepared to address them. As to the remaining topics in the notice, Quicken simply decided that it would reconfigure them to accommodate the witnesses that Quicken chose to offer. To compound this inappropriate behavior, when Plaintiff subsequently moved to compel a knowledgeable witness, Quicken argued that any inadequacies in the testimony of the Rule 30(b)(6) witnesses were due to the "Plaintiff's lack of foresight" and attempt to "add new topics" on the eve of the deposition. (ECF No. 99). Having reviewed the parties' submissions, the undersigned finds Defendant's position to be unsupportable and its actions to be unjustified. Thus, Plaintiff is entitled to an award of sanctions

under Rule 37(d).

When deciding what sanctions to impose under Rule 37(d), the court must consider the extent of prejudice, if any, to the moving party and the degree of culpability of the party resisting sanctions. *Victor Stanley v. Creative Pipe, Inc.,* 269 F.R.D. 497, 533 (D.Md. 2010). Sanctions may range from the very harsh to the less severe. "Less severe sanctions include costs, attorney's fees, and fines, which not only compensate the prejudiced party but also punish the offending party for its actions, hoping to deter the litigant's conduct." *Id.* at 536 (quoting *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.,* 685 F.Supp.2d at 467, 471 (S.D.N.Y. 2010)). The court must "impose the least harsh sanction that can provide an adequate remedy." *Id.* at 534 (quoting *Pension Comm.,* 685 F.Supp.2d at 469).

In this case, Plaintiff asks for reimbursement of her counsel's travel expenses for the second Rule 30(b)(6) deposition. Quicken argues that it should not have to pay the expenses, because (1) Plaintiff's counsel had the opportunity to attend the deposition by videoconference and (2) the deposition only lasted two hours. The Court finds these arguments to be unpersuasive. Plaintiff's counsel had every right to attend the deposition in person if that is the course she determined to be in her client's best interests.[2] Moreover, the length of the deposition is irrelevant to the issue. Regardless of how long the questioning lasted, attendance at the deposition required a second trip to Detroit—a trip that would have been unnecessary if Quicken had addressed its concerns with the first Rule 30(b)(6) notice in accordance with the applicable Rules of Civil Procedure. Thus, considering the factors outlined above, the Court finds that

---

[2] Obviously, Quicken agreed that the personal appearance of counsel was important given that it had four lawyers of its own in attendance.

Quicken's failures resulted in Plaintiff incurring unnecessary expenses to take a second deposition. The Court further finds a need to deter future noncompliance with the Rules of Civil Procedure to accomplish the goal of judicial economy. Finally, the Court finds that requiring Quicken to bear the expense of Plaintiff's counsel's travel is not excessively harsh and is fair under the circumstances.

The undersigned has reviewed the invoices submitted by Plaintiff's counsel and concludes that the sum she requests is well-supported and not excessive. Therefore, Plaintiff is entitled to full reimbursement of counsel's travel expenses.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** April 25, 2013.

Cheryl A. Eifert
United States Magistrate Judge