IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JANET R. ROBINSON,

    Plaintiff,

v.                                         Case No.: 3:12-cv-00981

QUICKEN LOANS, INC.,
WELLS FARGO BANK, N.A., and
JOHN DOE HOLDER,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion for Protective Order and to Quash Subpoena filed by non-party witness, Juanita Bishop. (ECF No. 164). In this motion, Ms. Bishop seeks to preclude or limit the taking of her deposition by Defendant, Quicken Loans, Inc. ("Quicken"). Quicken has filed a response in opposition to the motion, and the time allotted for the filing of a reply has now expired. The positions of the parties are clear; thus, the undersigned does not find oral argument necessary. For the reasons that follow, the Court **GRANTS** Ms. Bishop's motion to quash the subpoena, but **DENIES** her request for a protective order limiting any future deposition to one taken by means of written questions. Instead, the Court **GRANTS** Quicken leave to take the deposition of Ms. Bishop by oral examination, upon service of an amended subpoena and subject to the limitations set forth below.[1]

---

[1] The deadline for taking depositions in this case expired on August 16, 2013. However, the undersigned has confirmed with the presiding District Judge that the deposition of Ms. Bishop may still be taken without need for the parties to formally seek an extension of the discovery deadline.

1

This case involves claims by Plaintiff that the Defendants engaged in a joint venture to fraudulently induce her to procure an unconscionable, high-interest home equity loan. In her Initial Disclosures, Plaintiff identified Ms. Juanita Bishop as a potential "pattern and practice" witness based upon Ms. Bishop's own experiences with Quicken. According to Plaintiff, Ms. Bishop filed suit against Quicken in 2009, alleging its involvement in a predatory lending scheme similar to the one claimed by Plaintiff. Ms. Bishop's case was ultimately resolved and has since been dismissed.

On July 3, 2013, Quicken requested issuance of a subpoena commanding Ms. Bishop to appear for a deposition and provide testimony in this action. Thereafter, Ms. Bishop filed the instant motion, raising several grounds for quashing the subpoena and for limiting her deposition to one taken by written questions. First, Ms. Bishop points out procedural defects related to the form and content of the subpoena. In particular, she asserts that the subpoena misstates the court in which the action is pending and fails to identify the means by which the testimony is to be recorded as required by Fed.R.Civ.P. 45(a)(1)(A) and (B). Second, Ms. Bishop argues that she was deposed for several hours in her own case against Quicken; therefore, she has already provided Quicken with most of the information it seeks to obtain from her by a deposition in this action. Ms. Bishop indicates that she has no personal knowledge of Plaintiff's arrangements with Quicken and thus cannot provide any information other than what was collected through her prior testimony. Finally, Ms. Bishop states that she is elderly, and having to sit for a deposition would be difficult for her. She contends that Quicken's motive in deposing her is improper as Quicken is not attempting to obtain relevant information, but instead simply seeks to oppress Plaintiff and her witnesses.

In response, Quicken agrees that some harmless errors were made in the form and content of the subpoena, but inasmuch as Quicken intends to reissue the subpoena and correct the defects, Ms. Bishop's argument is moot. Quicken also concedes that Ms. Bishop provided testimony in her own lawsuit against Quicken, but emphasizes that Plaintiff identified Ms. Bishop as a witness. Consequently, Quicken should be allowed to question Ms. Bishop regarding her anticipated testimony in this case. Quicken argues that Ms. Bishop's deposition in her own action was taken nearly three years ago, prior to the filing of the instant action; therefore, Quicken could not possibly have questioned Ms. Bishop about all of the issues relevant here. For example, Ms. Bishop has never been asked about her relationship to Plaintiff, her motivation for agreeing to testify in this action, and the circumstances surrounding her disclosure as a "pattern and practice" witness. Quicken contends that Ms. Bishop has not met the heavy burden necessary to justify the issuance of an order that entirely prohibits the taking of her deposition, or severely restricts Quicken in the manner in which it conducts discovery.

### Motion to Quash

Both Ms. Bishop and Quicken agree that the subpoena contains some defects in form and content. For that reason, the Court **GRANTS** Ms. Bishop's motion to quash the subpoena. Quicken will need to request and serve another subpoena when a time and date have been scheduled for Ms. Bishop's deposition.

### Motion for Protective Order

Fed.Rule.Civ.P. 26(c) allows any person from whom discovery is sought to move the court for a protective order precluding or limiting the proposed discovery. If good cause is shown, the court may issue an order designed to protect the person from annoyance, embarrassment, oppression, undue burden or expense. The person or party

moving for the protective order bears the burden of demonstrating good cause, *Minter v. Wells Fargo Bank, N.A.,* 258 F.R.D. 118, 124 (D.Md.2009), and in doing so, "may not rely upon 'stereotyped and conclusory statements,' but must present a 'particular and specific demonstration of fact,' as to why a protective order should issue. *Baron Fin. Corp. v. Natanzon,* 240 F.R.D. 200, 202 (D.Md.2006) (*quoting* 8A Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2035 (2d ed.1994)). Protective orders that entirely prohibit the taking of a deposition are disfavored and "should be rarely granted absent extraordinary circumstances." *Static Control Components, Inc. v. Darkprint Imaging,* 201 F.R.D. 431, 434 (M.D.N.C. 2001). Nevertheless, "if an oral deposition will pose a threat to a witness' health, the court will exercise its discretion in favor of a protective order." *Armstrong v. MGC Mortg., Inc.,* Civil Action No. 1:09–cv–00131, 2010 WL 3835703 (N.D.W.Va. Sept. 28, 2010) (*citing Walsh v. Pullman Co.,* 10 F.R.D. 77 (S.D.N.Y.1948)). Moreover, under Fed.R.Civ.P. 26(b)(2)(C), the court may limit deposition testimony that is unreasonably cumulative or duplicative. This rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Lynn v. Monarch Recovery Management, Inc.,* 285 F.R.D. 350, 355 (D. Md. 2012) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 523 (D. Md. 2010)).

Here, Ms. Bishop argues that she is elderly, has no knowledge regarding the facts of this case, and has previously been deposed on her personal dealings with Quicken. Accordingly, a deposition by oral examination would be stressful, oppressive, and burdensome and would likely yield only duplicative testimony. However, Ms. Bishop provides no specific demonstration of fact to corroborate her fears that a deposition by oral examination would present a threat to her physical or mental health. For that

4

reason, the undersigned declines to prohibit the taking of a deposition or require Quicken to obtain Ms. Bishop's testimony by written questions.

In addition, although Ms. Bishop represents that she has no information pertinent to Plaintiff's claims, she has been identified as a "pattern and practice" witness in this case. Consequently, Quicken is entitled to discover from Ms. Bishop, under oath, the nature and extent of her knowledge and her involvement with the Plaintiff, even if the deposition only confirms that Ms. Bishop has limited information relevant to Plaintiff's complaint. On the other hand, Quicken is not free to re-depose Ms. Bishop on the complete particulars of her own lawsuit against Quicken. Such testimony would be unnecessarily duplicative and burdensome to Ms. Bishop. Quicken has access to and may use Ms. Bishop's prior deposition testimony as permitted by the Federal Rules of Evidence. Therefore, the undersigned finds that some limitations on the deposition are appropriate.

Wherefore, for the forgoing reasons, the Court **ORDERS** as follows:

1. Quicken may take Ms. Bishop's deposition by oral examination;

2. The deposition shall be scheduled on a date and at a time and location convenient for Ms. Bishop after consulting with her or her attorney. If Quicken makes reasonable efforts to obtain a convenient date, time, and location, but is unable to obtain them due to a lack of cooperation by the witness or her attorney, Quicken may proceed to select the date, time and location as permitted by Fed.R.Civ.P. 45. Quicken shall serve Ms. Bishop (or, if authorized, her attorney) with the amended subpoena and requisite fee;

3. The deposition shall take no longer than two hours; and

4. Quicken shall make reasonable efforts to avoid cumulative or duplicative

testimony. To the extent that Ms. Bishop has already provided information in her deposition taken in the 2009 litigation against Quicken, Quicken shall avoid asking questions that seek the same information.

The Clerk is directed to provide a copy of this order to counsel of record and any unrepresented party.

**ENTERED:** August 22, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge