IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JANET R. ROBINSON,**

    **Plaintiff,**

v.                                                                      Case No.:  3:12-cv-00981

**QUICKEN LOANS,  INC.,**
**WELLS FARGO BANK, N.A., and**
**JOHN DOE HOLDER,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the Motions to Quash Subpoena filed by non-party witnesses, Janyce Duncan and Lourie Jefferson. (ECF Nos. 185, 186). These motions ask the Court to quash subpoenas issued from the United States District Court for the Northern District of West Virginia, which demand the presence of Ms. Duncan and Ms. Jefferson at depositions scheduled by Defendant, Quicken Loans, Inc. Because this Court did not issue the subpoenas and, therefore, cannot quash or modify them, the motions are **DENIED**.

Fed.R.Civ.P. 45(c)(3)(A) allows, and in certain circumstances requires, "the issuing court" to quash or modify a subpoena. The text of the rule is clear "that a motion to quash or modify a subpoena must be brought in the court from which the subpoena was issued, rather than the court where the underlying action is pending." *First Time Videos LLC v. John Doe*, Case No. 2:11-cv-690, 2012 WL 1134736, at*1 (E.D.Va., Apr. 4, 2012); *See also In Re Subpoena of American Nurses Association,* 788 F.Supp.2d 444,

445 (D.Md. 2011) (*citing United States v. Star Scientific, Inc.,* 205 F.Supp.2d 482, 485 (D.Md.2002)). In this case, the subpoenas were issued in the Northern District of West Virginia. Therefore, motions to quash them must be brought in that court.

Alternatively, Ms. Duncan and Ms. Jefferson can seek a protective order from this Court under Fed.R.Civ. P. 26(c), asking that their depositions be prohibited. *Lefkoe v. Jos. A. Bank Clothiers, Inc.,* 577 F.3d 240, 246 (4th Cir.2009). Such a protective order would not result in the quashing of the subpoenas, but would, from a practical standpoint, render them meaningless. The option was given to the non-party witnesses to pursue their motions to quash in the Northern District of West Virginia, or request that their motions in this Court be construed as motions for a protective order. The witnesses chose to pursue their motions to quash. Accordingly, this Court is not the proper forum, and the motions must be denied. It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel for the parties and for the non-party witnesses, Ms. Duncan and Ms. Jefferson.

**ENTERED**: August 29, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge